UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JONATHAN DILLARD,<br><br>                    Plaintiff,<br><br>v.<br><br>CALM WATER COUNSELING, M. PETERS,<br><br>                    Defendants. | Case No. 1:23-cv-00550-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Jonathan Dillard filed a Complaint that is subject to screening because of his request for in forma pauperis status. The Court is required to review complaints filed by in forma pauperis litigants to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any claim that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(a)(1) & (e)(2); *see Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

A complaint fails to state a claim for relief under Rule 8 of the Federal Rules of Civil Procedure if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Having reviewed Plaintiff's filings, the Court issues the following Order.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

## REVIEW OF COMPLAINT

Federal courts are courts of limited subject matter jurisdiction. This Court cannot hear Plaintiff's case unless he satisfies the Court that a basis for jurisdiction exists. Federal district courts can hear federal questions, which are claims arising under a federal statute, the federal Constitution, or a federal treaty. 28 U.S.C. § 1331. The Court can also hear cases that qualify for diversity jurisdiction under 28 U.S.C. § 1332, which requires that the parties be citizens of different states and that the amount in controversy be over $75,000.00.

Plaintiff brings his claims under the diversity statute, 28 U.S.C. § 1332. Dkt. 2, p. 3. However, the face of the Complaint alleges that Plaintiff and Defendant Peters are citizens of Idaho, and that Calm Waters Counseling has its principal place of business in Idaho. Therefore, no basis for diversity jurisdiction exists, and the claim is subject to dismissal without prejudice.

In addition, it appears that Defendants are entitled to absolute witness immunity. Plaintiff is asserting that "a representative of calm waters counseling and a specific counselor working form the company, did provide false testimony upon 7/14/203 in the case Unikted states v, Jonathan Dillard, and allowed Joshua B. Taylor, defense attorney to lead her while on the satnd under oath, to provide false testimony." *Id.*, p. 4 (verbatim).

Plaintiff is referring to a supervised release violation hearing that was before this Court in criminal Case No. 1:15-cr-00170-DCN-1, *USA v. Dillard* (Case 170). In the Order finding that Plaintiff violated the conditions of his release by not complying with Probation's direction that he continue to participate in regular counseling while he searched for a counselor specializing in autism, the Court noted:

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

> There are local providers qualified to treat Dillard. Although such providers may not be experts in adult autism, they are capable of treating Dillard's other disorders, and providing mental health treatment, even considering his adult autism. For example, as Marcy Peters from Calm Waters Counseling explained, she has multiple patients with autism, and she effectively treats them and their disorders even though she is not an autism specialist.

Dkt. 182, pp. 8-9, in Case 170.

It is well established that trial witnesses have absolute immunity for their testimony, regardless of whether it is false. *Briscoe v. LaHue*, 460 U.S. 325 (9th Cir. 1978). The United States Court of Appeals for the Ninth Circuit has "held that witness immunity also extends to conspiracies to commit perjury." *Paine v. City of Lompic*, 265 F.3d 975, 981 (9th Cir. 2001). In *Franklin v. Terr*, 201 F.3d 1098 (9th Cir. 2000), the Court clarified the extent of immunity for claims that two witnesses conspired together to present false testimony at trial:

> Franklin alleges that Terr [a psychiatrist/witness] conspired with Franklin-Lipsker [a therapist/witness] by interviewing her before Franklin's trial and by then incorporating information obtained from those interviews into her own testimony. Franklin also alleges that Terr provided Franklin-Lipsker "with a description of the sort of details that would make her testimony more persuasive, which Franklin-Lipsker then incorporated into her continually evolving 'recollection' of the Nason murder." The ostensible purpose of this conspiracy was to ensure that one person's testimony did not contradict the other's testimony, but because Terr's alleged conspiratorial behavior is inextricably tied to her testimony, we find that she is immune from damages.

*Id*. at 1102.

Here, Plaintiff's claims about false testimony from Peters individually and as a

representative of Calm Waters Counseling allegedly perpetrated at his supervised release violation hearing fall under the immunity umbrella, and he cannot proceed against them. Even if the allegations are that defense counsel conspired with the witness and entity to provide false testimony at the hearing, immunity still must be applied, and the claims are subject to dismissal with prejudice.

## CONCLUSION

Plaintiff has not stated actionable claims against Defendants. Because it does not appear that he can amend his Complaint to state any actionable claims, the Court will dismiss the Complaint at this time, but grant leave to amend. Plaintiff may file an amended complaint within 30 days providing facts to show why his claims are not subject to dismissal for failure to meet the diversity statute and on the basis of absolute witness immunity. If Plaintiff fails to file any thing within that time frame, the Court will enter judgment with prejudice, meaning that the claims cannot be brought again.

## ORDER

**IT IS ORDERED:**

1. Plaintiff shall have 30 days within which to file an amended complaint as described above. If Plaintiff does so, he must file, along with the proposed amended complaint, a "Motion to Review the Amended Complaint." Alternatively, Plaintiff may file a notice of voluntary dismissal. If Plaintiff does neither, judgment will be entered dismissing this case with prejudice without further notice.

2. Plaintiff's Application to Proceed In Forma Pauperis (Dkt. 4) is GRANTED,

and the Application at Docket No. 1 is DEEMED MOOT. Plaintiff must pay the sum of $2.00 per month until the $350.00 filing fee is paid in full, regardless of whether his case is dismissed. Failure to pay the monthly fee may result in dismissal of this case.

3. The Clerk of Court shall provide a copy of this Order to Peters and Calm Waters Counseling at 5283 W. Overland Road, Boise, Idaho 83705. No filings, answers, or other actions in this case are required by either Defendant at this time.

DATED: January 30, 2024

_____
David C. Nye
Chief U.S. District Court Judge