UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JONATHAN DILLARD,<br><br>                     Plaintiff,<br><br>v.<br><br>CALM WATER COUNSELING, M. PETERS,<br><br>                     Defendants. | Case No. 1:23-cv-00550-DCN<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Jonathan Dillard filed a Complaint bringing claims under the diversity statute, 28 U.S.C. § 1332, but there were no allegations supporting diversity of citizenship. Dkt. 2. Therefore, the Court dismissed the Complaint for lack of jurisdiction. Dkt. 6. The Court also determined that Defendant M. Peters was entitled to absolute witness immunity from suit. *Id*. Plaintiff's claims against Defendant Calm Water Counseling are derivative of his claims against Peters, its employee.

Plaintiff was granted leave to amend within 30 days after entry of the Order that was issued on January 30, 2024. *Id*. He was warned that failure to file an amended complaint would result in entry of judgment dismissing this case with prejudice.

To date, Plaintiff has filed a Response and a Supplement. Dkts. 8, 10. These documents are mostly illegible. It appears that Plaintiff is asserting that Judge Jessica

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 1

Lorello of the Idaho Court of Appeals has determined that Plaintiff's complaints against a broad variety of federal and state actors, private attorneys, and others, are of the nature of criminal, not civil, claims. Regardless of any state court action, Plaintiff, a private citizen, cannot proceed with criminal claims in federal court, which must be prosecuted by the United States Attorney General. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Plaintiff has not stated any viable civil claim upon which he can proceed. Plaintiff did not filed an amended complaint within the required time frame, or at any time before issuance of this Order.

    Plaintiff has also filed a Motion for Change of Venue. Dkt. 9. Title 28 U.S.C. § 1391(b) provides that, generally, venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." It appears that Plaintiff has listed both Defendants' addresses as Boise, Ada County, Idaho; Plaintiff also has alleged that M. Peters is a citizen of Idaho. Dkt. 2, pp. 2-3. The occurrences giving rise to Plaintiff's claims happened in Idaho—his claims center on revocation of probation or supervised release for his failure to comply with an order issued in his criminal case requiring Plaintiff to attend counseling services while residing in Idaho. Nothing in the record shows that a change of venue is appropriate.

    Finally, Plaintiff was granted in forma pauperis status and ordered to pay $2.00 per month until the $350.00 filing fee is paid in full, regardless of whether his case was dismissed. Dkt. 6, p. 4. He was warned that failure to pay the monthly fee may result in

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 2

dismissal of this case. *Id*. The Court's accounting department has verified that Plaintiff has not paid any amount toward the filing fee since the Order was issued on February 7, 2024.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion for Change of Venue (Dkt. 9) is DENIED.

2. Plaintiff's Complaint was dismissed in the Order of January 30, 2024, and that Order will stand, for the reasons set forth above.

3. Judgment with prejudice now will be entered.

DATED: June 27, 2024

_____
David C. Nye
Chief U.S. District Court Judge